UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD SMITH, on behalf of
himself and those similarly situated

      Plaintiff,

v.                                             Case No: 2:13-cv-772-FtM-38CM

ARTISAN BREAD COMPANY and
TODD JOHNSON,

      Defendants.

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Joint Motion for Approval of Settlement Agreement and Dismissal of the Action *with Prejudice* (Doc. 47), filed on March 20, 2015. The parties provided a copy of the Settlement Agreement and General Release for the Court's review. Doc. 47-1. For the reasons set forth herein, the Court recommends that the settlement be approved and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they promptly may file a joint notice of no objection.**

compromised. *Id.* at 1352-53. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is brought by employees under the FLSA for back wages, because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff Edward Smith brought this claim for failure to pay overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* seeking recovery of unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs arising out of his employment as a "baker" with Defendant.[2]

---

[2] Although the Complaint identifies Plaintiff's position as "baker," Plaintiff's Answers to the Court's Interrogatories and the Joint Motion for Approval of Settlement identify Plaintiff's position as "driver." Doc. 1 at 3; *see* Doc. 26-1 at 1, Doc. 47 at 3.

Doc. 1. Plaintiff claimed that he is owed approximately $5,984.75 in overtime wages, plus the same amount of liquidated damages, attorney's fees and costs. Doc. 26-1 at 4-6.

Defendant has agreed to pay Plaintiff $3,500.00 for unpaid overtime wages and the same amount for liquidated damages, for a total amount of $7,000.00.[3] Doc. 47-1 at 1-2. Defendant also has agreed to pay $6,500.00 for Plaintiff's attorney's fees and costs, which the parties represent were negotiated separately. Doc. 47 at 4, 6; Doc. 47-1 at 2-3. Defendants therefore have agreed to pay and Plaintiff has agreed to accept a compromised amount of the disputed overtime claims. Although Defendants do not admit liability, the parties state that the settlement amount is fair and reasonable given the uncertainties of litigation, including that Plaintiff might recover nothing or far less than the settlement amount, or that Defendant may be required to pay a greater amount than the agreed upon settlement amount. Doc. 47 at 3. The parties also state that the amount was reached after the parties formulated their own proposed settlement figures, engaged in detailed settlement discussions and voluntarily agreed to the terms of the settlement memorialized in the

---

[3] The Settlement Agreement states that "Defendants shall pay Plaintiff the gross sum of $13,500.00.... Of the $13,500.00, a total of $7,000.00 shall be payable to Plaintiff, and a total of $6,500.00 shall be payable to Morgan & Morgan, P.A., as its reasonable attorneys' fees and costs." Doc. 47-1 at 2. The Settlement Agreement then sets forth in detail, consisting of thirteen sub-paragraphs, how the $13,500.00 will be disbursed. *Id.* at 2-3. The Joint Motion, however, states that "Plaintiff will receive a total of $3,250.00 in unpaid wages, plus an additional and equal amount of $3,250.00 in liquidated damages, for a total of $6,500.00. *See* Settlement Agreement, attached hereto as Exhibit A. Plaintiff's counsel will receive a total of $7,000.00 in attorneys' fees and costs. *See id.*" Doc. 47 at 4. Thus, because the Settlement Agreement and Joint Motion identify different amounts, the Court will evaluate the settlement based upon the amounts set forth in the Settlement Agreement.

Settlement Agreement after a mediation presided over by experienced wage and hour attorney and mediator James Nulman. *Id.* at 2-3.

Pursuant to *Bonetti v. Embarq Management Company*:

[T]he best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009).

Although the Court must consider the reasonableness of any award of attorney's fees, it is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face. *Bodnar v. Gourmet Hut, Inc.*, No. 3:13-cv-709-J-34JRK, 2014 WL 757981, at *3 n.4 (M.D. Fla. Feb. 26, 2014) (order adopting report and recommendation). The fee in this case appears to be reasonable.

Thus, the Court, having reviewed the terms of the settlement as set forth in the Settlement Agreement and General Release (Doc. 47-1), concludes that the settlement appears to be a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. That the Joint Motion for Approval of Settlement Agreement and Dismissal of the Action *with Prejudice* (Doc. 47) be **GRANTED** and the settlement be **APPROVED**; and

      2.    That the Court enter an Order adopting the Report and Recommendation and dismissing the case with prejudice.

      **DONE** and **ENTERED** in Fort Myers, Florida on this 25th day of March, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record